UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JEFFREY SCOTT SUTTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:19-CV-117-PLR-HBG |
| RUSTY LONZA, SOUTHERN HEALTH PARTNERS, CLAIBORNE COUNTY, STEVE ELLIS, and MARK ELLIS, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 which proceeded as to Plaintiff's claim for failure to protect against Defendants Steve Ellis and Mark Ellis and his claim for deliberate indifference to his serious medical needs against Defendants Lonza, Southern Health Partners, and Claiborne County [Doc. 8].

However, while summonses for Defendants Steve Ellis and Mark Ellis were returned executed on August 9, 2019 [Docs. 20 and 21], these Defendants have never filed an answer or other responsive pleading to the complaint, and Plaintiff has never requested that the Clerk to enter default as to these Defendants. Accordingly, on April 30, 2019, the Court entered an order requiring Plaintiff to show good cause as to why this matter should not be dismissed for want of prosecution due to his failure to request entry of default as to these Defendants within twenty (20) days of entry of that order [Doc. 43]. Plaintiff has not responded to this order, and his time for doing so has passed.

Also, Defendants Lonza, Southern Health Partners, and Claiborne County filed motions for summary judgment more than thirty days ago [Docs. 35 and 40]. Plaintiff has not filed responses to these motions, and his time for doing so has passed. E.D. Tenn. LR 7.1(a)(2).

Additionally, the Court's scheduling order provides that Plaintiff had up to and including May 26, 2020, to file his pretrial narrative statement, and that failure to do so will result in dismissal of this matter pursuant to Rule 41(b) of the Federal Rules of Civil Procedure [Doc. 38 p. 1–3]. Plaintiff has not filed his pretrial narrative statement, and his time for doing so has passed.[1]

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failures to timely respond to the Court's show cause order or file his pretrial narrative statement were due to Plaintiff's willfulness or fault. As set forth above, the Court's show cause order required Plaintiff to show good cause as to why

---

[1] Plaintiff is no longer a prisoner [Docs. 33 and 34]. Thus, the mailbox rule set forth in *Houston v. Lack*, 487 U.S. 266, 276 (1988), does not apply to him, and his pretrial narrative statement was due no later than May 29, 2020, under Rule 6(d) of the Federal Rules of Civil Procedure.

this matter should not be dismissed for want of prosecution due to his failure to seek default as to Defendants Steve Ellis and Mark Ellis within twenty (20) days of entry of that order on April 30, 2020 [Doc. 43], and he has not done so. Also, the Court's scheduling order specifically instructed Plaintiff to file his pretrial narrative statement by May 26, 2020 and warned him that dismissal would result if he failed to do so [Doc. 38 p. 1–3], and he has failed to do so.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's scheduling order by filing a pretrial narrative statement may have prejudiced Defendants Lonza, Southern Health Partners, and Claiborne County, as trial in this matter is set for September 1, 2020 [*Id.* at 1]. However, as these Defendants' motions for summary judgment are pending and Defendants Steve and Mark Ellis have not responded to the complaint, this factor weighs only slightly in favor of dismissal.

As to the third factor, again, as set forth above, the Court specifically warned Plaintiff in its scheduling order that failure to timely file his pretrial narrative statement would result in dismissal of this action pursuant to Rule 41(b). Also, the Court's show cause order required Plaintiff to show good cause as to why this matter should not be dismissed for want of prosecution due to his failure to seek default as to Defendants Steve Ellis and Mark Ellis within a specified time period.

Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted. Plaintiff was proceeding *in forma pauperis* herein and has failed to comply with the Court's clear instructions regarding filing a pretrial narrative statement and responding to a show cause order. This conclusion is bolstered by the fact that Plaintiff failed to file any response to the pending motions for summary judgment and has failed to seek any relief from the Court based on the fact

3

that Defendants Steve and Mark Ellis have failed file an answer or other responsive pleading to Plaintiff's complaint.

Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b), *see Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991) (noting that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer"), and the pending motions for summary judgment [Docs. 35 and 40] will be **DENIED as moot**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R:**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**